UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DUMITRU CIUDIN,

              Petitioner,

v.

MARKWAYNE MULLIN et al.,

              Respondents.

_____/

Case No. 1:26-cv-2045

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Cleveland Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6–7.)

In an Order entered on July 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response and recordings of the December 3, 2025, and December 16, 2025, bond hearings on July 28, 2026. (Resp., ECF No. 5; Recording of Dec. 3, 2025, Bond Hearing; Recording of Dec. 16, 2025, Bond Hearing, filed on July 28, 2026.) Petitioner filed his reply on July 30, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Moldova who entered the United States in 2014 on an H2B work visa. (Pet., ECF No. 1, PageID.3.) Petitioner overstayed his work visa and has remained in the United States since his 2014 entry into the United States. (Resp., ECF No. 5, PageID.14.) On November 21, 2025, ICE arrested Petitioner in Lebanon, Ohio. (*Id.*)

On December 3, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At the conclusion of the hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The Court finds that [Petitioner] is a flight risk and that no bond could be set that would ensure his appearance at future hearings." (Immigration Judge Order, ECF No. 5-4, PageID.33.) Petitioner filed a motion to reconsider the Immigration Judge's denial of bond. (Resp., ECF No. 5, PageID.15.) The Immigration Judge denied Petitioner's motion to reconsider on December 16, 2025. (*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on December 3, 2025. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing and the recording of the bond reconsideration hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at either hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:      August 3, 2026             /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge

3